IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action No. |
| v. | ) | 05-00423-01-CR-W-FJG |
| | ) | |
| LUIS MORA-LEMUS, | ) | |
| | ) | |
| Defendant. | ) | |

## DETENTION ORDER

On November 22, 2005, I held a detention hearing. I find by a preponderance of evidence that there is no condition or combination of conditions of release that will reasonably assure the appearance of defendant as required.

## I.    BACKGROUND

On November 16, 2005, an indictment was returned charging defendant with one count of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a). Defendant was arrested and appeared before me the next day for an initial appearance. During the initial appearance proceeding, the government filed a motion for a detention hearing and a motion to continue the hearing for three days. Those motions were granted, and defendant was remanded to the custody of the United States Marshal pending the hearing.

On November 22, 2005, a detention hearing was held. Defendant appeared in person, represented by Assistant Federal Public Defender Travis Poindexter. The government was represented by Assistant United States Attorney William Meiners. The parties stipulated that the court consider the information in the Pretrial Services Report of Pretrial Services Officer Van Hecke as the testimony he would give, under oath, if called as a witness. No other evidence was offered by either party.

## II.    FINDINGS OF FACT

On the basis of the information contained in the report of Pretrial Services Officer Van Hecke, I find that:

1.      Defendant, 35, lived in the United States illegally from 1989 until 1993 when he was deported. He lived in Mexico from 1993 until 2000 when he again illegally entered the United States. He was deported to Mexico in 2003 and lived there until April 2005. Since then he has lived with a friend in Kansas City, Kansas, but was unable to recall the address. Defendant has used the alias Jesus Daniel Elizalde in the past.

2.      Defendant has never met his father. His mother and four siblings live in Mexico and he talks to them about once per month. Defendant has never married and has no children.

2

3.      Defendant attended some secondary school but did not graduate.  He has been cutting grass and doing various landscaping jobs while in the United States but has not worked in the past month or so.  Defendant worked as a feed loader from 2000 until 2002 and worked for various temporary services in the area.  Defendant has no financial assets or liabilities.

4.      Defendant is generally in good health.  He first used alcohol and marijuana about 15 years ago.  He last used alcohol three months ago and last used marijuana three years ago.

5.      Defendant's criminal history includes the following:

| Date | Charge | Disposition |
|------|--------|-------------|
| 01/30/93 | 1. Importation of a controlled substance<br>2. Possession of a controlled substance | 4 months in custody, 2 years supervised release |
| 03/17/93 | Federal Offense, El Centro, California | Unknown |
| 04/02/02 | 1. Possession of marijuana<br>2. Transportation of controlled substance | Unknown |
| 08/11/03 | 1. Controlled substance violation<br>2. Entry without inspection<br>3. Reinstatements-prior deportation order | Deported to Mexico on 10/7/03 |

3

6.     An Immigration and Customs Enforcement detainer has been filed with the U.S. Marshal's office.

7.     Defendant faces a maximum prison sentence of 2 years if convicted of this offense.

## III.    *CONCLUSION*

I find by a preponderance of the evidence that no single condition of release or combination of conditions of release will reasonably assure the appearance of defendant as required.  Defendant is in the United States illegally and an ICE detainer has been lodged, he has entered the United States illegally several times in the past, he has transported illegal drugs in the past, he has no ties to the United States and a questionable residence history, he has almost no legitimate employment history despite being 35 years of age, and he has used an alias in the past.

It is, therefore

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for detention pending trial.  It is further

ORDERED that the defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  It is further

4

ORDERED that the Attorney General or his authorized representative ensure that the defendant is afforded reasonable opportunity for private consultation with his counsel. It is further

ORDERED that, on order of a court in the Western District of Missouri, the person in charge of the corrections facility where defendant is confined deliver the defendant to a United States Marshal for his appearance in connection with a court proceeding.


_/s/ Robert E. Larsen_
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
November 22, 2005